IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALIKA M. SMITH                                                                                    PLAINTIFF

v.                                          No. 4:21-cv-1068-JM

ARKANSAS FEDERAL CREDIT
UNION                                                                                              DEFENDANT

## ORDER

Plaintiff Alika M. Smith ("Smith") brings this action against her former employer, Arkansas Federal Credit Union ("AFCU") alleging employment discrimination and retaliation. AFCU has filed a motion for summary judgment, and the matter is ripe for determination.

### Facts

Smith worked for Arkansas Federal Credit Union (AFCU) from February of 2019 until January of 2021 as a Collections Support Manager. Smith claims that she was terminated as a result of racial discrimination and in retaliation for engaging in protected activity. Smith alleges that the racial animus toward her began when she was told to terminate a black employee named Erica Scott by her white supervisor, Amber Reilly. There were no witnesses to this conversation and Ms. Smith did not report this conversation to anyone at AFCU. Ms. Scott was not terminated because of this conversation and Ms. Smith was not disciplined for not terminating Ms. Scott. Instead, Ms. Smith decided on her own to terminate Ms. Scott after Ms. Scott's performance did not improve.

Ms. Smith testified that Ms. Reilly did not give her guidance or certain supplies for her department after she refused to terminate Ms. Scott. Further, Ms. Smith claims that she experienced "backlash" from Ms. Reilly after she refused to terminate Ms. Scott. Ms. Smith complained to Brittany Rankin, Steve Mosley, Heather Savage, Rodney Showmar, and Eric

Mangham about her issues with Ms. Reilly around August of 2019.

Ms. Smith also alleges that Rodney Showmar, the CEO of AFCU, listened in on her meetings with the Human Resources Department. Ms. Smith claims that Truman Griffin told her this information. Mr. Griffin states that he never told Ms. Smith that Mr. Showmar listened in on conversations that employees had with Human Resources Department. Mr. Showmar denies ever listening in on such a conversation. Mr. Showmar had no role in the termination of Ms. Smith.

Ms. Smith ultimately became head of the Records Vault Department after she worked for AFCU for a year. Ms. Smith claims that she was not provided adequate staffing in that department because of her race. Ms. Smith claims that Caucasian staff in her department, specifically Ms. Reilly and Ms. Healea, were able to work from home starting in March of 2020 but that Ms. Smith was required to report to the office. Ms. Smith believes she had to continue to report to the office due to her race. Ms. Reilly was Smith's supervisor in March of 2020. Ms. Healea was able to work from home because she was in a romantic relationship with another manager and AFCU wanted to "keep down the spread of COVID." Ms. Smith testified that she has no evidence to dispute the reasoning behind allowing Ms. Healea to work from home. AFCU did not require all black employees to report during the pandemic. Ms. Smith testified that there were Caucasian staff members that also had to report to the office.

Ms. Smith received a poor performance review from Ms. Reilly on July 29, 2019. She claims that her review was poor because of her race. AFCU disciplined Ms. Smith because of her poor job performance on November 12, 2019 and May 4, 2020. Ms. Smith claims that she was satisfactorily performing her job duties but after she refused to terminate Ms. Scott, she was retaliated against by being issued a bad performance appraisal. Ms. Smith received a final warning for an incident that occurred on May 4, 2020, that stated that any further disciplinary

action could result in termination. Ms. Smith stated that she concurred with the company's statement and signed the disciplinary action on May 13, 2020. Ms. Smith testified that she believes that she received this Warning Report based on her race.

Ms. Smith filed her first EEOC charge on November 6, 2020. She ultimately filed three EEOC charges, with her third EEOC charge being the basis of her Complaint. Ms. Smith claims that she was discriminated against because she filed a grievance against AFCU and she claims that AFCU did not take her claims seriously. Ms. Smith testified that she informed Brittany Rankin of her EEOC filing in November 2020.

Ms. Smith was terminated by her Manager Amber Reilly on January 15, 2021, because according to the AFCU she did not let AFCU leadership know that she was not perfecting liens on loans and her failure to perfect liens created $50,000,000.00 in exposure for AFCU. Ms. Smith does not deny that this was the reason given to her for her termination but claims that the judgments were not being filed by Truman Griffin, a Caucasian employee, who previously had those responsibilities. Ms. Reilly and Mr. Griffin often clashed over Mr. Griffin not doing his job in perfecting these liens. Mr. Griffin was not disciplined or terminated for failing to keep up with the title report and perfect the liens.

<u>Standard</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*,"[to] point out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

Title VII prohibits an employer from retaliating against an employee for engaging in a protected action. 42 U.S.C. § 2000e–3(a). A plaintiff may establish a claim for retaliatory discharge through either direct or indirect evidence. *Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810, 818 (8th Cir. 2017). Here, Plaintiff does not assert direct evidence, therefore, the Court analyzes Plaintiff's claim utilizing the burden-shifting framework of *McDonnell Douglas, Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, Plaintiff must first

establish a prima facie case of retaliation by showing (1) she engaged in a statutorily protected activity; (2) she was subjected to an adverse employment action; and (3) a causal connection exists between her participation in the protected activity and the adverse employment action. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008). If successful, the burden shifts to Defendant "to articulate a legitimate, non-retaliatory reason for the adverse action." *Liles*, 851 F.3d at 818 (citation omitted). If Defendant provides such a reason, the burden then shifts back to Plaintiff to present evidence that Defendant's proffered reason is pretext for unlawful retaliation. *Id.*

Ms. Smith filed her first charge of discrimination on November 6, 2020. She later advised Brittany Rankin that she had filed a charge of discrimination with the EEOC. Plaintiff was terminated on January 27, 2021. Ms. Smith was terminated by her supervisor Amber Rielly and she offers no evidence that Ms. Reilly was aware of her EEOC complaint. The failure to present evidence that Reilly knew of her protected activity is fatal to her claim. "[A] causal link between statutorily protected activity and an adverse employment action 'does not exist if the employer is not aware of the employee's statutorily protected activity.'" *Culton v. Missouri Dep't of Corr.,* 515 F.3d 828, 831 (8th Cir. 2008), quoting, *Smith v. Riceland Foods, Inc.*, 151.F.3d 813, 818 (8th Cir. 1998). Because Plaintiff if unable to present a prima facie case of retaliation, Defendant's motion for summary judgment is granted on this claim.

To establish a prima facie race discrimination claim under Title VII, an employee must show 1) that he was a member of a protected class, 2) that he met the employer's legitimate employment expectations, 3) that he suffered an adverse employment action, and 4) that the circumstances give rise to an inference of discrimination based on race. *Grant v. City of Blytheville, Arkansas*, 841 F.3d 767 (8th Cir. 2016).

AFCU claims that it terminated the Plaintiff's employment because she did not let AFCU leadership know that she was not perfecting liens on loans and her failure to perfect liens created $50,000,000.00 in exposure for AFCU.  Plaintiff has presented evidence that Truman Griffin, a Caucasian employee, who had previously held those responsibilities was unable to get the liens perfected in the title report but was not disciplined and received a promotion.  Further, Plaintiff presented evidence that she repeatedly requested assistance and informed her supervisors that she lacked resources to maintain the workload.   The Court finds that the Plaintiff has presented sufficient evidence to survive summary judgment on the issue of race discrimination.

For these reasons, Defendant's motion for summary judgment (Doc. No.16) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED 7th day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE